### R. M. TODD v. THE STATE.

No. 3824.   Decided November 10, 1915.

**1.—Local Option—Recognizance—Punishment.**

Where, upon appeal from a conviction of a violation of the local option law, the recognizance failed to state the punishment assessed against the appellant, a motion to dismiss the appeal must be sustained.

**2.—Same—Statement of Facts—Bills of Exceptions.**

Where the statement of facts and bills of exceptions were not filed in time, they can not be considered on appeal, and the cause must be affirmed even if a valid recognizance had been given.

Appeal from the County Court of Young. Tried below before the Hon. W. P. Stinson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in jail.

The opinion states the case.

*Arnold & Taylor,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of selling intoxicating liquors in prohibition territory, and his punishment assessed at a fine of $100 and imprisonment in the county jail for sixty days.

The Assistant Attorney General moves to dismiss the appeal, because the recognizance in this cause does not meet the requirements of the statute. As the recognizance does not state the punishment assessed against appellant, the motion must be sustained. Arts. 919 and 920, C. C. P., and authorities cited thereunder.

But if a valid recognizance had been given, we could not consider the statement of facts and bills of exception, because not filed within the time allowed by law.

The appeal is dismissed.

*Dismissed.*